GIBSON, DUNN & CRUTCHER LLP
GAIL E. LEES, SBN 90363, glees@gibsondunn.com
JARED STRUMWASSER, SBN 275326, jstrumwasser@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant

COTY INC., a Delaware Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA ALGARIN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COTY INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:2012-cv-02868 JAH JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A) AND 23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>[Declaration of Laura Weinstein filed concurrently]<br><br>Hearing Date:  April 8, 2013<br>Time:  2:30 p.m.<br>Courtroom:  13B<br>Judge:  Hon. John A. Houston |

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

I.    INTRODUCTION ................................................................................................. 1

II.   PLAINTIFF'S IMPERMISSIBLE NATIONWIDE CLASS
ALLEGATIONS SHOULD BE STRICKEN ...................................................... 3

    A.    Legal Standard........................................................................................ 3

    B.    Relevant Allegations ............................................................................. 4

    C.    Choice of Law and Due Process Principles Bar Plaintiff's
Nationwide Class Allegations as a Matter of Law.................................. 5

        1.    The Differences in States' Various Consumer Protection
Laws Preclude Nationwide Certification under the UCL and
CLRA ......................................................................................... 5

        2.    Applying California's Consumer Protection Laws to
Nonresident Purchasers Would Violate Due Process.................... 8

        3.    The States' Various Express Warranty Requirements Render
Nationwide Class Treatment Inappropriate ................................. 10

III.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF
SUBJECT MATTER JURISDICTION............................................................... 13

    A.    Legal Standard........................................................................................ 13

    B.    Relevant Facts ....................................................................................... 14

    C.    Plaintiff's California Class Falls Far Short of the Amount in
Controversy Required by CAFA............................................................. 15

IV.  CONCLUSION ................................................................................................... 17

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT    NO. 3:2012-CV-02868 JAH JMA
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Anthony v. Security Pac. Fin'l Servs, Inc.*,
   75 F.3d 311 (7th Cir. 1996) .................................................................................16

*Banks v. Nissan N. Am., Inc.*,
   2012 U.S. Dist. LEXIS 37754 (N.D. Cal. Mar. 20, 2012) .......................................7

*Brealey v. Cox Communications*,
   2010 WL 1727854 (S.D. Cal. Apr. 28, 2010) ........................................................16

*Carson v. Chevron Chem. Co.*,
   6 Kan.App.2d 776 (1981) .....................................................................................11

*Cipollone v. Liggett Grp., Inc.*,
   893 F.2d 541 (3d Cir. 1990) .................................................................................11

*Clothesrigger, Inc. v. GTE Corp.*,
   191 Cal.App.3d 605 (1987) ....................................................................................9

*Cole v. Gen. Motors Corp.*,
   484 F.3d 717 (5th Cir. 2007) ................................................................................13

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal.App.4th 663 (2006) .................................................................................15

*Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*,
   149 F.3d 679 (7th Cir. 1998) ................................................................................14

*Cooley v. Big Horn Harvestore Sys., Inc.*,
   813 P.2d 736 (Colo. 1991) ...................................................................................11

*Cotner v. Int'l Harvester Co.*,
   545 S.W.2d 627 (Ark. 1977) ................................................................................11

*Daughtrey v. Ashe*,
   413 S.E.2d 336 (Va. 1992) ...................................................................................11

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ................................................................................3

*Fieldstone Co. v. Briggs Plumbing Prods, Inc.*,
   54 Cal.App.4th 357 (1997) ...................................................................................11

ii

Gibson, Dunn &
Crutcher LLP

*Fischer v. Mead Johnson Labs.*,
  341 N.Y.S.2d 257 (N.Y. App. Div. 1973) .......................................................... 12

*Flory v. Silvercrest Indus., Inc.*,
  633 P.2d 383 (Ariz. 1981) ............................................................................... 11

*Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*,
  151 Wash.2d 534 (2004) .................................................................................. 11

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ...................................... 3

*Guy Mitchell & Betty J. Mitchell Family Trust v. Artists Rights Enforcement Corp.*,
  2011 WL 1900136 (E.D. Wash. May 19, 2011) .................................................. 14

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
  288 F.3d 1012 (7th Cir. 2002) .......................................................................... 13

*Keith v. Buchanan*,
  173 Cal.App.3d 13 (1985) ............................................................................... 10

*Lutz Farms v. Adgrow Seed Co.*,
  948 F.2d 638 (10th Cir. 1991) .......................................................................... 11

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir. 2012) .................................................... 2, 5, 6, 7, 8, 12

*McCann v. Foster Wheeler LLC*,
  48 Cal.4th 68 (2010) ............................................................................... 6, 12

*McNutt v. Gen. Motors Corp.*,
  298 U.S. 178 (1936) ....................................................................................... 14

*Norwest Mortgage, Inc. v. Superior Court*,
  72 Cal.App.4th 214 (1999) .......................................................................... 2, 9

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ......................................................................................... 9

*Pilgrim v. Universal Health Card LLC*,
  660 F.3d 943 (6th Cir. 2011) ......................................................................... 4, 7

*Rasidescu v. Midland Credit Mgmt., Inc.*,
  435 F. Supp. 2d 1090 (S.D. Cal. 2006) ............................................................. 14

*Redfield v. Mead, Johnson & Co.*,
  512 P.2d 776 (Or. 1973) .................................................................................. 11

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

No. 3:2012-CV-02868 JAH JMA

Gibson, Dunn &
Crutcher LLP

*Reichhold Chem., Inc. v. Haas*,
    1989 Ohio App. LEXIS 4129 (1989) ................................................................. 11

*Rikos v. Procter & Gamble Co.*,
    2012 WL 641946 (S.D. Ohio Feb. 28, 2012) ............................ 2, 9, 10, 11, 12, 13

*Robinson v. United States,*
    586 F.3d 683 (9th Cir. 2009) ......................................................................... 14

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................................... 2, 4, 13

*Scaringe v. Holstein*,
    477 N.Y.S.2d 903 (N.Y. App. Div. 1984) ....................................................... 10

*Seaside Resorts, Inc. v. Club Car, Inc.*,
    416 S.E.2 655 (S.C. Ct. App. 1992) ............................................................... 11

*Sheppard v. Capital One Bank*,
    2007 WL 6894541 (C.D. Cal. July 11, 2007) ................................................... 4

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938) ....................................................................................... 14

*State Farm Ins. Co. v. Nu Prime Roll-A-Way, Inc.*,
    557 So.2d 107 (1990) ..................................................................................... 10

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) ......................................................... 11

*T.W.M. v. Am. Med. Sys., Inc.*,
    886 F. Supp. 842 (N.D. Fla. 1995) ................................................................. 11

*Thomas v. Amway Corp.*,
    488 A.2d 716 (R.I. 1985) ............................................................................... 10

*Thompson v. Merck & Co.*,
    2004 WL 62710 (E.D. Pa. Jan. 6, 2004) .......................................................... 4

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..................................................... 4, 10

*Unimax Exp., Inc. v. Evergreen Shipping Agency*,
    2012 WL 1884558 (C.D. Cal. May 23, 2012) ................................................. 16

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) ........................................................................... 4

iv

Gibson, Dunn &
Crutcher LLP

*W. Equip. Co., Inc. v. Sheridan Iron Works, Inc.*,
    605 P.2d 806 (Wyo. 1980) ............................................................................... 11

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ........................................................................ 14

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ........................................................................ 12

**Statutes**

28 U.S.C. § 1332(d)(2) .......................................................................... 13, 15

28 U.S.C. § 1332(d)(2)(A) ............................................................................ 13

28 U.S.C. § 1332(d)(5)(B) ............................................................................ 13

Cal. Civ. Code § 1780 ................................................................................... 15

U.C.C. 2714(2) ............................................................................................. 15

**Other Authorities**

4 Witkin, Summary 10th (2005) Sales, § 203 ............................................... 15

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT      NO. 3:2012-CV-02868 JAH JMA
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

Gibson, Dunn &
Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Yanira Algarin brings this putative class action alleging that Defendant Coty Inc. ("Coty") misrepresented the efficacy of its Rimmel Lash Accelerator mascara product.  Plaintiff hopes to represent a *nationwide* class of purchasers against this out of state defendant based exclusively on claims arising under California state law, namely the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* and the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and for breach of express warranty.[1]  The face of the First Amended Class Action Complaint ("Complaint") establishes that Plaintiff's proposed nationwide class is inherently not certifiable as a matter of law.

When it is evident from the face of a complaint that a proposed class cannot be maintained, courts can and do strike the impermissible class allegations at the pleading stage.  Such is the case here.  Plaintiff's Complaint makes abundantly clear that it seeks to apply California law across a putative class that spans the nation, but there are no allegations that would warrant imposing California law on purchases made out-of-state.  Plaintiff concedes that Coty is neither incorporated nor headquartered in California, and she does not (and cannot) allege that the representations in question were formulated in or disseminated from California.  Nor does she (or can she) claim that the product in question was manufactured in California or that the majority of purchasers were Californians.  The only thing linking her claims to California is the fact that Plaintiff bought her mascara in San Diego.  Plainly, that is not a sufficient basis for seeking to apply California law to purchases made elsewhere.

---

[1]   *See infra* note 5.

1

Gibson, Dunn & Crutcher LLP

1    Plaintiff's inability to allege *any* connection between the nonresident putative

2  class members' purchases and California is fatal to her nationwide allegations, both

3  under Rule 23 and as a matter of constitutional law.  With regard to her UCL and

4  CLRA causes of action, *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir.

5  2012) necessarily precludes her nationwide claims.  In *Mazza*, the Ninth Circuit held

6  that the material differences between California's consumer protection laws and those

7  of other states barred nationwide treatment.  666 F.3d at 594.  Plaintiff's proposed

8  class, which bears substantially lesser ties to California than even the class rejected in

9  *Mazza*, cannot surmount this choice of law hurdle.  Moreover, the nonresidents'

10  connections to California are so tenuous that applying the UCL or CLRA to their

11  purchases would violate federal due process principles.  *See Norwest Mortgage, Inc. v.*

12  *Superior Court*, 72 Cal.App.4th 214, 226–27 (1999).

13    Plaintiff's nationwide warranty allegations must also be stricken.  Applying the

14  same choice of law principles addressed in *Mazza*, courts throughout the nation have

15  deemed express warranty claims unsuitable for nationwide certification due to the

16  significant variations in warranty laws among the fifty states.  *See, e.g., Sanders v.*

17  *Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009); *Rikos v. Procter & Gamble*

18  *Co.*, 2012 WL 641946, at *5–7 (S.D. Ohio Feb. 28, 2012).

19    After Plaintiff's nationwide class allegations are appropriately stricken, it is

20  apparent that this Court lacks jurisdiction.  While Plaintiff baldly alleges that the

21  amount in controversy exceeds $5,000,000, the indisputable facts establish otherwise.

22  Even using Plaintiff's overestimated allegations as bases for calculating potential

23  recovery—coupled with Coty's actual sales data in California since the Rimmel Lash

24  Accelerator's 2011 inception—only $781,595 has been placed at issue.  As such, the

25  case must be dismissed in its entirety pursuant to Rule 12(b)(1).

26

27

28

Gibson, Dunn &
Crutcher LLP

Plaintiff's misguided attempt to manufacture jurisdiction in this Court should not be countenanced.  Permitting this case to advance beyond the pleading stage for unnecessary but costly discovery and additional motion practice would accomplish nothing beyond the waste of the Court's and the parties' resources.  For all these reasons, and as more fully set forth below, this Court should strike Plaintiff's nationwide class allegations and dismiss this case outright for want of subject matter jurisdiction.

## II.   PLAINTIFF'S IMPERMISSIBLE NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN

### A.   Legal Standard

The Federal Rules permit courts to strike conspicuously impermissible class allegations on the pleadings.  Federal Rule of Civil Procedure 12(f) permits courts to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (quotation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  Rule 23(c)(1)(A) mandates that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Rule 23(d)(1)(D) similarly permits this Court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Taken together, these Rules permit district courts to resolve class claims at the pleading stage where, as suggested by the Supreme Court, it is "plain enough from the pleadings" that the class cannot be certified.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  "[D]istrict courts throughout the nation" have thus considered preemptive

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn &
Crutcher LLP

motions to rule on class certification questions. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145–46 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.").

In particular, courts have dismissed or stricken class allegations where "the issues involved are pure questions of law," *Sheppard v. Capital One Bank*, 2007 WL 6894541, at *2 (C.D. Cal. July 11, 2007), or where no amount of "discovery or . . . factual development would alter the central defect in [the] class claim." *Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011). Thus, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *Thompson v. Merck & Co.*, 2004 WL 62710, at *5 (E.D. Pa. Jan. 6, 2004)); *see also Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (holding that class allegations may be stricken at pleading stage when the court can glean fundamental flaws in plaintiff's class definition without the need for further discovery); *Tietsworth*, 720 F. Supp. 2d at 1145–46 (same).

## B.   Relevant Allegations

The thrust of Plaintiff's Complaint is that Coty misleadingly marketed its Rimmel Lash Accelerator mascara product by allegedly implying that it could spur eyelash growth. (Compl. ¶¶ 2–4.)[2] The product's label states that, if used as directed, "lashes appear up to 80% longer instantly" and that "lashes appear up to 117% longer

---

[2]   Coty does not concede any of the factual allegations contained in plaintiff's complaint and reserves the right to contest all allegations fully at the appropriate time. For purposes of this motion only, Coty accepts plaintiff's factual allegations as true. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Gibson, Dunn &
Crutcher LLP

in 30 days." (*Id.* ¶ 17.)  Plaintiff explicitly concedes that she "does not take issue with the 80% immediate growth appearance representation." (*Id.* ¶ 11.)  She challenges only the latter representation, that a consumer's lashes would "appear up to 117% longer in 30 days." (*Id.* ¶¶ 2–3, 11.)

Plaintiff purports to bring this action on behalf of two alternative classes.  First, as part of her "Multi-State Class Action," Plaintiff hopes to represent "[a]ll consumers who purchased Rimmel Lash Accelerator in the U.S. for personal use until the date notice is disseminated." (*Id.* ¶ 26.)  In the alternative, likely recognizing that her allegations are not nationally certifiable, Plaintiff seeks to represent a "California Class Action" comprised of "[a]ll California consumers who purchased Rimmel Lash Accelerator for personal use until the date notice is disseminated." (*Id.* ¶ 27.)

Plaintiff acknowledges that Coty is not a California company, but rather is incorporated in Delaware and headquartered in New York.  (*Id.* ¶ 12.)  Plaintiff does not allege that the statements in question were formulated in or disseminated from California.  Plaintiff does not allege that the product in question was manufactured in California, or that the case has any tie to California whatsoever other than that a fraction of the products were sold in California (among many other states).  (*Id.* ¶ 9.)

## C.   Choice of Law and Due Process Principles Bar Plaintiff's Nationwide Class Allegations as a Matter of Law

Even at this stage of the case, it is apparent that Plaintiff cannot proceed on behalf of a nationwide class.  The marked variations in consumer protection and warranty laws across the fifty states render nationwide treatment impermissible both under Rule 23 and as a matter of constitutional law.

### 1.   The Differences in States' Various Consumer Protection Laws Preclude Nationwide Certification under the UCL and CLRA

The Ninth Circuit's recent opinion in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) establishes that Plaintiff's consumer protection causes of

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND 23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn & Crutcher LLP

action cannot be certified on a nationwide basis.  In *Mazza*, the Ninth Circuit applied California's three-step governmental interest test and held that a nationwide class asserting UCL, FAL, and CLRA claims relating to deceptive advertisements could not proceed.  The court recited California's three-step test as follows:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.  Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.  Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*Id.* at 590 (quoting *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 81–82 (2010)).

In analyzing the first factor—whether California law coincides with the laws of other potentially affected jurisdictions—the Ninth Circuit identified a host of material differences between California's consumer protection laws and their foreign counterparts.  These differences included California's lack of a scienter requirement, the requirement in California that class plaintiffs demonstrate reliance, and divergences in the available remedies.  *Id.* at 591.  The *Mazza* court concluded that these differences were "not trivial or wholly immaterial."  *Id.*

Under the second factor, the court considered each jurisdiction's interest in the application of its own law, and found that each state had a "strong interest" in achieving its own "optimal balance between protecting consumers and attracting foreign businesses, with resulting increase in commerce and jobs."  *Id.* at 592.

Finally, under the third factor, the court considered whether California's interest or the other states' interests would be most impaired if its policies were subordinated to those of other states, determining that each state's strong interest in its own consumer protection policies outweighed the attenuated importance of California's

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn &
Crutcher LLP

1    interest in applying its laws extraterritorially.  *Id.* at 593–94.  Therefore, the court

2    "h[e]ld that each class member's consumer protection claim should be governed by the

3    consumer protection laws of the jurisdiction in which the transaction took place."  *Id.*

4    at 594.  Accordingly, no nationwide class could be certified.  *Id.* at 596.  *See also*

5    *Pilgrim v. Universal Health Card, LLC*¸ 660 F.3d 943, 945–50 (6th Cir. 2011)

6    (reaching same result on preemptive attack by defendant at pleading stage).

7         In *Mazza*'s wake, district courts have not hesitated to apply this same choice of

8    law analysis to reject nationwide class actions brought under California's consumer

9    protection laws, both at the pleading stage and when addressing motions for class

10    certification.  In *Banks v. Nissan N. Am., Inc.*, 2012 U.S. Dist. LEXIS 37754, at *3

11    (N.D. Cal. Mar. 20, 2012), for example, the court granted the defendant's motion to

12    strike nationwide class allegations at the pleading stage, holding that "[t]o the extent

13    plaintiffs assert their UCL and CLRA claims as a nationwide class action, such

14    allegations are inappropriate, pursuant to the Ninth Circuit's reasoning in *Mazza v. Am.*

15    *Honda Motor Co.*, 666 F. 3d 581 (9th Cir. 2012)."  In *Gianino v. Alacer Corp.*, 846 F.

16    Supp. 2d 1096, 1103 (C.D. Cal. 2012), the court similarly denied certification of a

17    nationwide class because "each class member's claims . . . must be governed by and

18    decided under the law of the state in which the transaction took place," and therefore

19    "common questions of law do not predominate," making certification improper.

20         *Mazza* and its progeny demonstrate that Plaintiff's nationwide class claims fail

21    as a matter of law.[3]  Like the plaintiffs in *Mazza*, Plaintiff improperly seeks to apply

22    California law to putative class members in other jurisdictions that have much stronger

23    _____

24    [3]   In the interests of brevity, and because *Mazza* is dispositive on the issue, Coty's
      Motion focuses on just one of the many problems with class certification in this case:
25    Plaintiff's attempt to apply California's consumer protection and warranty laws to
      nonresident purchases beyond its borders.  If this case is permitted to proceed past
26    the pleading stage, Coty reserves the right to address the many other reasons why
      class certification is inappropriate.

27                                              7

28

Gibson, Dunn &
Crutcher LLP

1  interests in applying their own laws to their own residents.  In *Mazza*, that was true

2  even though the "corporate headquarters, the advertising agency that produced the

3  allegedly fraudulent misrepresentations, and one fifth of the proposed class members

4  [were all] located in California." *Mazza*, 666 F.3d at 590; *see also Gianino*, 846 F.

5  Supp. 2d at 1103.[4]  Here, in contrast, Plaintiff concedes that Coty is neither

6  incorporated nor headquartered in California.  (Compl. ¶ 12.)  Likewise, Plaintiff does

7  not and cannot allege that the statements in question were formulated in or

8  disseminated from California, that the product in question was manufactured in this

9  state, or that the case has any tie to California beyond the mere purchase of some

10  products here by a minority of consumers.  (*Id.* ¶ 9.)

11      The analysis governing Plaintiff's nationwide allegations is indistinguishable

12  from that conducted in *Mazza* and its progeny.  No court could certify the nationwide

13  class alleged here under California's consumer protection laws, and the allegations

14  should be stricken.

## 2.   Applying California's Consumer Protection Laws to Nonresident Purchasers Would Violate Due Process

15

16

17      Plaintiff's nationwide consumer protection allegations must be stricken for the

18  additional reason that applying the UCL or CLRA to non-California purchasers would

19  be unconstitutional under the facts alleged.  "To apply its law constitutionally to the

20  claims of nonresident class members, the forum state must have a 'significant contact

21  or aggregation of contacts' to the claims asserted by each member of the plaintiff class,

22  contacts 'creating state interests', in order to ensure that the choice of [forum] law is

23

24  [4]  In *Gianino*, the court held national treatment impermissible despite the fact that the defendant's "headquarters are in California, a large number of the proposed nationwide class resides in California, almost 50% of the [] products were manufactured in California, the California Department of Health Services has regulated the [] products from California, and the corporate decisions regarding packaging and marketing of the [] products were all made in California." *Id.*

25

26

27

28

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn &
Crutcher LLP

not arbitrary or unfair.'"  *Clothesrigger, Inc. v. GTE Corp.,* 191 Cal.App.3d 605, 612–13 (1987) (quoting *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 821–22 (1985)). Where, as here, the nonresidents' claims have *no connection with California whatsoever*, applying California's consumer protection laws to those claims would violate due process.

In *Norwest Mortgage, Inc. v. Superior Court,* for example, plaintiffs alleging that an insurance company had violated the UCL attempted to represent a nationwide class of borrowers for whom the defendant purchased insurance.  72 Cal.App.4th 214, 226–27 (1999).  The court rejected the plaintiffs' arguments that the fact that the defendant was incorporated and conducted business in California provided a sufficient aggregation of contacts for the claims of non-California residents to satisfy due process.  *Id.* (citing *Shutts,* 472 U.S. at 821).  In so doing, the court affirmatively distinguished the minimal showing required to establish personal jurisdiction from the due process calculus.  *Id.*  Because all of the non-resident class-members' insurance decisions and transactions were conducted outside of California, the court prohibited the nationwide class, holding that a contrary decision "would be arbitrary and unfair and transgress due process limitations."  *Id.* at 227.

Here, as described, the Complaint is devoid of any allegations connecting the non-residents' claimed injuries to California.  Plaintiff's only allegations involving California speak to her own retail purchase (*see* Compl. ¶ 11), and the fact that Coty has "sufficient minimum contacts with this State" to warrant the exercise of personal jurisdiction is not enough (*id.* ¶ 9).  The allegations connecting California to the non-resident purchasers here are even weaker than those rejected in *Norwest Mortgage,* where the defendant was incorporated in California.  72 Cal.App.4th at 226. Accordingly, the nationwide class must be stricken under due process principles.  *See Rikos v. Procter & Gamble Co.,* 2012 WL 641946, at *4–5 (S.D. Ohio Feb. 28, 2012)

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn &
Crutcher LLP

(applying California law to similar facts and striking on the pleadings a nationwide UCL and CLRA class on due process grounds, where the complaint acknowledged that the defendant was not incorporated or headquartered in California and did not allege "that any of the relevant marketing, packaging, or product development decisions . . . were made in California").

### 3.   The States' Various Express Warranty Requirements Render Nationwide Class Treatment Inappropriate

While the court in *Mazza* had no occasion to apply California's three-part choice of law test in the warranty law context, application of that test here requires the same result.[5]  666 F.3d at 594; *see Rikos*, 2012 WL 641946 at *5–7 (following *Mazza* and striking a nationwide warranty class on the pleadings).

With regard to the initial step, there are at least three material and relevant variations between California's express warranty laws and those of the other states. First, while some courts in California have held that reliance is not an element of an express warranty claim in California, *see Keith v. Buchanan*, 173 Cal.App.3d 13, 23 (1985); *cf. Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 1363548, at *2 (N.D. Cal. May 14, 2009), courts in other states take vastly differing approaches.  Some states require an affirmative showing of reliance.  *See Global Truck & Equip. Co, Inc. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986); *Scaringe v. Holstein*, 477 N.Y.S.2d 903, 904 (N.Y. App. Div. 1984); *State Farm Ins. Co. v. Nu Prime Roll-A-Way, Inc.*, 557 So.2d 107, 108 (Fla. App. 1990); *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985).  Others apply a burden shifting method

---

[5]   Plaintiff does not specify under which state or states' laws she is asserting a claim for breach of warranty, but California is the only state she mentions expressly in the warranty section of her Complaint.  (Compl. ¶ 63.)  To the degree that Plaintiff is not restricting her warranty claim to any particular state's laws, this would militate even further against nationwide class treatment, evidencing a tacit admission that no individual state's laws could govern.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND 23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn & Crutcher LLP

1    predicated on rebuttable assumptions. *See Cipollone v. Liggett Grp., Inc.*, 893 F.2d

2    541, 569 n.34 (3d Cir. 1990) (N.J law). Still others have no reliance requirement at all.

3    *See Lutz Farms v. Adgrow Seed Co.*, 948 F.2d 638, 644–45 (10th Cir. 1991) (Colorado

4    law); *Daughtrey v. Ashe*, 413 S.E.2d 336, 338–39 (Va. 1992); *see also Rikos*, 2012 WL

5    641946 at *5 (acknowledging distinctions between state laws in their treatment of

6    "puffery").

7         Second, some California courts have indicated that vertical privity is not

8    required where the plaintiff relied on a product's labels or advertising. *See Fieldstone*

9    *Co. v. Briggs Plumbing Prods, Inc.*, 54 Cal.App.4th 357, 369 n.10 (1997). Other states

10   have no such exception, *see Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 387 (Ariz.

11   1981); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995), and

12   some have no requirement of privity at all, *see Fortune View Condo. Ass'n v. Fortune*

13   *Star Dev. Co.*, 151 Wash.2d 534, 541 (2004); *Reichhold Chem., Inc. v. Haas*, 1989

14   Ohio App. LEXIS 4129, at *7 (1989).

15        Third, notice requirements vary greatly from state to state. Certain states,

16   California included, require plaintiffs in express warranty actions to give notice to the

17   manufacturer in most circumstances, although California creates certain unique

18   exceptions to this requirement. *See Stearns v. Select Comfort Retail Corp.*, 763 F.

19   Supp. 2d 1128, 1142–43 (N.D. Cal. 2010); *Cotner v. Int'l Harvester Co.*, 545 S.W.2d

20   627, 630 (Ark. 1977); *Redfield v. Mead, Johnson & Co.*, 512 P.2d 776, 781 (Or. 1973);

21   *W. Equip. Co., Inc. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810–11 (Wyo. 1980).

22   Other states, however, find notice to the immediate seller/retailer sufficient in ordinary

23   transactions, *see, e.g., Carson v. Chevron Chem. Co.*, 6 Kan.App.2d 776, 785 (1981);

24   *Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 742 (Colo. 1991); *Seaside*

25   *Resorts, Inc. v. Club Car, Inc.*, 416 S.E.2 655, 663 (S.C. Ct. App. 1992), or do not

26

27

28

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          NO. 3:2012-CV-02868 JAH JMA
OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS
PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND
23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)

Gibson, Dunn &
Crutcher LLP

1    require notice at all.  *See Fischer v. Mead Johnson Labs.*, 341 N.Y.S.2d 257, 258–59

2    (N.Y. App. Div. 1973).

3         Turning to the second step of the *Mazza* test, as the Ninth Circuit has

4    recognized, "'[e]very state has an interest in having its law applied to its resident

5    claimants.'"  666 F.3d at 591–92 (quoting *Zinser v. Accufix Research Inst., Inc.*, 253

6    F.3d 1180, 1187 (9th Cir. 2001)).  Each state also has a significant interest in

7    establishing the appropriate level of liability for companies operating within its

8    territory.  *Id.*; *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 91 (2010).  These state

9    interests found significant in *Mazza* with regard to consumer protection laws are

10   equally strong in the warranty arena—the goals of the two types of actions are largely

11   the same.  This prong thus also militates in favor of striking the nationwide class

12   allegations.  *See Rikos*, 2012 WL 641946 at *6 ("find[ing] that each state where [the

13   challenged product] was purchased or sold has an interest in applying its own express

14   warranty laws.").

15        With regard to the final step of the test, the state in which the last event

16   necessary to make the actor liable occurred is considered the state with the

17   predominant interest under California law.  *Mazza*, 666 F.3d at 593.  In consumer

18   products cases such as this one, that last event is the communication of the challenged

19   advertisement or warranty to each plaintiff at the time and place of purchase.  *Id.* at

20   594.  Here, each state in which non-California residents purchased products and

21   viewed the allegedly misleading labels has a predominant interest in the application of

22   its own laws to its own citizens.  "Conversely, California's interest in regulating the

23   conduct of companies that do business within its borders does not require the

24   application of California law to the claims of foreign residents concerning acts that

25   took place in other states."  *Rikos*, 2012 WL 641946 at *6 (citing *Mazza*, 666 F.3d at

26   594).  This is particularly so where, as here, California has no connection whatsoever

27

28

12

Gibson, Dunn &
Crutcher LLP

1   to those transactions.  As discussed, the challenged advertisements did not emanate

2   from California; the challenged products were not manufactured in California; and

3   Plaintiff concedes that Coty is neither incorporated nor headquartered in California.

4   (Compl. ¶ 12.)

5        Given this straightforward choice of law analysis, it is no surprise that "[c]ourts

6   routinely hold that both fraud and warranty claims are difficult to maintain on a

7   nationwide basis." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009)

8   (granting motion to strike nationwide express warranty allegations on pleadings); *see*

9   *also, e.g., Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724–30 (5th Cir. 2007) (reversing

10  class certification of warranty claims because "there are numerous variations in the

11  substantive laws of express and implied warranty among the fifty-one jurisdictions");

12  *Rikos*, 2012 WL 641946 at *5–7 (conducting in-depth analysis at pleading stage and

13  holding that "individual questions of law predominate [in] Plaintiff's [nationwide]

14  claims brought under Count III [breach of express warranty]"); *In re*

15  *Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1016 (7th Cir.

16  2002).  The Court should accordingly strike Plaintiff's nationwide warranty allegations

17  at this juncture as well, leaving no nationwide causes of action.

18  **III.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT**
19  **MATTER JURISDICTION**

20       **A.    Legal Standard**

21       Jurisdiction under CAFA is proper if (1) the putative class contains at least 100

22  members (28 U.S.C. § 1332(d)(5)(B)); (2) there is minimal diversity (*id.*

23  § 1332(d)(2)(A)); and (3) the Complaint places at least $5 million in controversy (*id.*

24  § 1332(d)(2)).

25       Because Plaintiff has expressly (albeit baldly) pleaded that the "[t]he matter in

26  controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000"

27

28

13

Gibson, Dunn &
Crutcher LLP

(Compl. ¶ 8), the test for dismissal is whether it appears to a legal certainty that the claim is really for less than the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). "It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *Id.* at 288 n.10 (citing *McNutt v. Gen. Motors Corp.,* 298 U.S. 178, 182–189 (1936)). The party asserting jurisdiction "bears the burden of proof of demonstrating federal jurisdiction, and must support [her] claim with 'competent proof.'" *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1095–96 (S.D. Cal. 2006) (Houston, J) (quoting *McNutt,* 298 U.S. at 189); *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009).

A party may raise a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) either on the face of the pleadings or with reference to extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Guy Mitchell & Betty J. Mitchell Family Trust v. Artists Rights Enforcement Corp.*, 2011 WL 1900136, at *1 (E.D. Wash. May 19, 2011) ("Affidavits are admissible to establish particular elements of damages or the value of the property involved."). The present challenge is a "factual attack," based on extrinsic evidence. Thus, "[t]he presumption of correctness [courts] accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

### B.    Relevant Facts

Without any supporting factual allegations, Plaintiff claims that this Court can exercise original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) as a matter in controversy that, exclusive of interest and costs, exceeds the sum or value of

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f), 23(c)(1)(A), AND 23(d)(1)(D) AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)

NO. 3:2012-CV-02868 JAH JMA

Gibson, Dunn & Crutcher LLP

$5,000,000.  (Compl. ¶ 8.)  While Plaintiff alleges that the Rimmel Lash Accelerator product sold for only "approximately $8.00-$9.00 for 1 tube" (Compl. ¶ 11) and that "Coty prices Rimmel Lash Accelerator around $1.50-$2.50 more than Coty's other mascara products that do not make a similar grow lash claim" (*id.* ¶ 24), she does not allege how many tubes were sold.  In fact, Coty has shipped only 312,638 tubes of the Rimmel Lash Accelerator to retailers in California since the product's 2011 inception. Decl. of Laura Weinstein ¶ 4.

## C.   Plaintiff's California Class Falls Far Short of the Amount in Controversy Required by CAFA

Once allegations relating to putative non-California class members are stricken from the Complaint, the aggregated claims of the remaining class members cannot possibly exceed $5,000,000 as required by CAFA.  28 U.S.C. § 1332(d)(2).[6] Plaintiff's maximum potential recovery is just a fraction of the statutory minimum. Under the UCL, a plaintiff can recover only "restitution," measured as "the dollar value of the consumer impact or the advantage realized by [the defendant]" from the challenged conduct.  *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663, 700 (2006).  Likewise under the CLRA, as relevant here, a plaintiff can recover only the same sort of "restitution" or, alternatively, "actual damages."  Cal. Civ. Code § 1780.  Damages for breach of express warranty claims are measured as "the difference between 'the value of the goods accepted and the value they would have had if they had been as warranted.'"  4 Witkin, Summary 10th (2005) Sales, § 203 (quoting U.C.C. 2714(2)).  Thus, under any measure, putative class members can recover only the amount by which they allegedly overpaid.

---

[6]   Coty does not concede that subject matter jurisdiction exists over this action even as currently pleaded.  However, for purposes of the present Motion, Coty challenges only Plaintiff's ability to demonstrate subject matter jurisdiction once allegations regarding purchasers outside California are stricken from the Complaint.

15

Gibson, Dunn &
Crutcher LLP

1    Here, Plaintiff does not allege that the product she bought was worthless.  On

2    the contrary, she acknowledges that her product provided "immediate cosmetic

3    lengthening . . . as represented after the first application," and she therefore "does not

4    take issue with the 80% immediate growth appearance representation."  (Compl. ¶ 11.)

5    She "takes issue" only "with the [allegedly implied] 37% lash growth and lash

6    multiplication representations."  (*Id.*)  Plaintiff herself quantifies the value of those

7    representations in her Complaint, contending that "Coty prices Rimmel Lash

8    Accelerator around $1.50-$2.50 more than Coty's other mascara products that do not

9    make a similar grow lash claim."  (*Id.* ¶ 24.)[7]  Thus, even assuming the maximum

10   amount by which Plaintiff claims Coty's products were overpriced ($2.50), the

11   putative California class could recover only that $2.50 difference multiplied by the

12   312,638 total units shipped to California retailers, yielding a maximum potential

13   recovery of $781,595.  Needless to say, Plaintiff's allegations fall woefully short of the

14   $5,000,000 jurisdictional threshold, necessitating summary dismissal.[8]  *See, e.g.,*

15   *Unimax Exp., Inc. v. Evergreen Shipping Agency*, 2012 WL 1884558, at *1 (C.D. Cal.

16   May 23, 2012) (at pleading stage, crediting the defendant's affidavit demonstrating

17   that the amount in controversy did not exceed $5,000,000 in granting 12(b)(1) motion).

18

19

---

20   [7]  In reality, Coty's prices for Rimmel Lash Accelerator are no greater than those for
21   comparable products without similar representations, but Coty adopts Plaintiffs'
     overstated allegations for purposes of this Motion.

22   [8]  Any allegations that an award of punitive damages or attorney's fees could bridge
23   this chasm would be speculative and implausible.  "When a claim for punitive
     damages makes up the bulk of the amount in controversy, and may even have been
24   colorably asserted solely to confer jurisdiction, [courts] should scrutinize that claim
     closely."  *Anthony v. Security Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir.
25   1996); *see also Brealey v. Cox Communications*, 2010 WL 1727854, at *2 (S.D. Cal.
     Apr. 28, 2010) (rejecting conclusory argument that "attorneys' fees may fill the gap
26   in the amount of controversy" where the plaintiff "submitted no evidence in support
     of its assertion").

27

28

16

Gibson, Dunn &
Crutcher LLP

# IV.   CONCLUSION

For the reasons stated, Coty respectfully requests that the Court strike Plaintiff's nationwide class allegations (Compl. ¶ 26) and dismiss the action for want of subject matter jurisdiction.

Dated: February 20, 2013                    Respectfully submitted,

                                            GIBSON, DUNN & CRUTCHER LLP
                                            GAIL E. LEES
                                            JARED M. STRUMWASSER


                                            By:  /s/ *Gail E. Lees*

                                            Attorneys for Defendant,
                                            COTY INC.

17

Gibson, Dunn &
Crutcher LLP